IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL MILLENDER,

PLAINTIFF,

v.  CIVIL ACTION NO. 3:16-cv-790

CURRAN AUTOMOTIVE, INC.
and WILLIAM CURRAN,

DEFENDANTS.

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2. Plaintiff, Michael Millender (hereinafter "Plaintiff") is a resident of Opelika, Lee County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case.

1

Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District, Eastern Division.

3. Defendant CURRAN AUTOMOTIVE, INC., (hereinafter "Curran" and/or "Defendant"), is a company registered and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendants. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

4. Defendant WILLIAM CURRAN (hereinafter "W. Curran" and/or "Defendant"), is an employer within the meaning of the FLSA, as he was involved in the day-to-day operations of Defendant. Defendant W. Curran is a resident of Alabama.

## III. STATEMENT OF FACTS

5. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-4 above.

6. Defendants hired Plaintiff on or about September 23, 2013.

7. Defendant employed Plaintiff as tire and oil change technician.

8. Approximately one year after Plaintiff began work with Defendants, Plaintiff was given the job title of Shop Foreman.

9. Even though Defendant changed Plaintiff's job title, Plaintiff's job duties remained the same after the job title change with only an occasional additional job duty.

10. Throughout his employment with Defendants, Plaintiff's job duties included tire repair; tire replacement; mounting and balancing tires; oil changes; cleaning the shop; ordering parts; and assisting in the performance of inventory.

11. At no time during Plaintiff's employment did he impose or even recommend discipline.

12. Throughout Plaintiff's employment, employees asked Defendant's Shop Manager, Chris Winslet or Defendant's owner, William Curran for permission to leave work early or otherwise be absent from work.

13. On an occasional basis when both Winslet and W. Curran were absent, Defendants assigned Plaintiff the job duties of answering the phone and dealing with customers.

14. Answering the phone and dealing with customers was not a regular part of Plaintiff's job duties.

15. At all times while employed with Defendants, Plaintiff's primary job duty was to perform the work of a tire and oil change technician.

## IV. COUNT ONE – FLSA – Overtime Violations

16. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-15 above.

17. Defendant assigned Plaintiff to a shift of 7:00 a.m. to 7:00 p.m., five days per week.

18. Defendant typically worked Plaintiff in excess of fifty hours per week.

19. Defendant occasionally worked Plaintiff in excess of sixty hours in a work week.

20. Defendants misclassified Plaintiff as an exempt employee for some, if not all, of his employment with Defendants.

21. Plaintiff's primary job duty was non-exempt in nature, and in classifying Plaintiff as exempt, Defendants willfully and intentionally violated the FLSA by failing to pay Plaintiff one and one-half times his regular hourly rate of pay for all hours worked in excess of forty in a work week.

22. Plaintiff was not an executive as he was not the top management person on duty.

23. Plaintiff was not an executive as he did not perform any managerial duties on even an occasional basis.

24. Plaintiff was not exempt an outside salesman.

25. Plaintiff is not a professional as defined by the Code of Federal Regulations.

26. Plaintiff is not an administrative employee as defined by the Code of Federal Regulations.

27. Defendants' actions in failing to failing to ensure that Plaintiff was paid one and one-half times his regular hourly rate of pay for all hours worked in excess of forty in a work week was a willful and intentional violation of the FLSA, resulting in Plaintiff being denied overtime pay.

**V. COUNT TWO – FLSA - Retaliation**

28. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-27 above.

29. During the employment relationship, Defendants failed and refused to pay Plaintiff one and one-half times his regular hourly rate of pay for hours worked in excess of forty in a work week.

30. Plaintiff complained to Defendant W. Curran regarding the fact that Defendants were not paying Plaintiff for hours in excess of forty in a work week.

31. W. Curran became very angry with Plaintiff and nearly terminated Plaintiff's employment him during that meeting.

32. Less than three months later, Winslet, at the direction of W. Curran, terminated Plaintiff without a stated reason for the termination.

33. The day before Defendant terminated Plaintiff's employment, Plaintiff had to leave work early to care for a serious health condition of his wife.

34. Winslet gave Plaintiff permission to be absent, but on the following day Winslet claimed that the absence was part of the reason Defendant terminated Plaintiff's employment. Winslet failed to provide Plaintiff with any other reasons to support the termination decision.

35. Winslet has given other employees permission to leave work early to care for personal matters and did not terminate those employees for such behavior.

36. In violation of the FLSA, Defendants retaliated against Plaintiff for complaining about not receiving pay in accord with the FLSA.

37. As a result of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of pay, benefits and other compensatory damages.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of his back pay, front pay, back overtime pay, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendants for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
David R. Arendall

_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

**SERVE DEFENDANT AT:**

Curran Automotive, Inc.
c/o Agent for Service of Process
William A. Curran, III
607 South Sixth Street
Opelika, AL 36801

William Curran
607 South Sixth Street
Opelika, AL 36801

7